IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

|  |  |
|---|---|
| In Re: ) | Case No.: 2:25-cv-11984-JD-TER |
| Timothy Augustus Ward, ) | **ORDER** |
| Debtor. ) |  |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers (DE 10), issued under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina. The Report addresses Debtor Timothy Augustus Ward's ("Debtor") failure to file a statement of issues and designation of record.[1]

**A.    Background**

The Report accurately outlines the relevant facts and legal standards, which the Court incorporates herein by reference. A brief summary is provided for context.

Debtor, proceeding *pro se*, filed a notice of appeal from orders entered in his Chapter 7 bankruptcy case. After the appeal was transmitted to this Court, Debtor failed to comply with the Federal Rules of Bankruptcy Procedure and this Court's

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

October 7, 2025, Order (DE 6) by failing to timely file a statement of issues and a designation of the record, despite being expressly directed to do so and warned that failure to comply could result in dismissal.

## B.     Report and Recommendation

On November 4, 2025, the Magistrate Judge issued a thorough Report (DE 10) recommending that this appeal be dismissed without prejudice for failure to prosecute and for failure to comply with the Court's order and the Federal Rules of Bankruptcy Procedure, and that any pending motions be deemed moot.

## C.     Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

**D.    Debtor's Objection**

The Report advised the parties of their right to file specific written objections within the time provided by law. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Debtor did not file objections to the Report and Recommendation.

After issuance of the Report, Debtor filed a document titled "Statement of Issue." (DE 13). The filing was untimely and does not constitute a proper objection to the Report. Moreover, the late-filed Statement of Issues does not cure Debtor's prior failure to comply with this Court's October 7, 2025, Order (DE 6), as Debtor still failed to timely designate the record within the period ordered by the Court. The filing also does not provide any explanation for Debtor's noncompliance or otherwise demonstrate good cause for the delay.

Accordingly, the Court finds that Debtor has failed to file specific objections to the Report and Recommendation and has not cured the procedural deficiencies identified by the Magistrate Judge.

In the absence of objections, the Court is not required to conduct a de novo review and need only satisfy itself that there is no clear error on the face of the record. Upon review, the Court finds none.

**E.    Conclusion**

After a careful and thorough review of the Report and Recommendation and the entire record in this matter, and in the absence of any timely and specific objections, the Court finds no clear error and adopts the Report (DE 10) in its entirety and incorporates it herein by reference.

It is, therefore, ORDERED that this bankruptcy appeal is DISMISSED WITHOUT PREJUDICE for failure to prosecute and for failure to comply with the Federal Rules of Bankruptcy Procedure and this Court's October 7, 2025, Order. Debtor's untimely Statement of Issues (DE 13) does not alter this conclusion. Any pending motions are deemed MOOT, and the Clerk of Court is directed to close this case.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 26, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.